# MEMO ENDORSED

**ALEXEI SCHACHT**
**ATTORNEY AT LAW**
123 WEST 94TH STREET
NEW YORK, NEW YORK 10025
TEL: (646) 729-8180
FAX: (212) 504-8341
alexei@schachtlaw.net
www.schachtlaw.net

July 9, 2025

*BY ECF*

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    **United States v. Eric Diaz**
                20 CR 553-01 (SHS)

Dear Judge Stein:

    Eric Diaz respectfully requests that this Court terminate his supervised release pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e).

    My client pleaded guilty to count 1 of the indictment charging him with conspiracy to distribute and possess with intent to distribute narcotics. As the defendant honestly told the Government during his "safety valve" session, he had been a seller of marijuana and a user of drugs for a number of years prior to entering this conspiracy in 2020. In the case, he agreed to act as a gopher, storing drugs and picking up and dropping of drugs and money for an experienced narcotics dealer. While he did this crime he was also lawfully employed and a loving husband and father.

    On about August 10, 2021, your Honor sentenced my client to serve 48 months in prison to be followed by 36 months of supervised release. He served his prison term, was released and has now served about 17 months on supervised release.

    Mr. Diaz has worked continuously as a home health aide since his release from prison. As I told your Honor at sentence, after he served his sentence Eric would be able to go home and, as he is obviously capable of hard work, would be able to support his child without again committing a crime.

*Handwritten endorsement:*
July 15, 2025
Application denied in light of defendant's recent arrest. So ordered.
Sidney H. Stein
U.S.D.J.

On supervision, Eric has been treated as a low-risk supervisee and has been told that Probation would be unlikely to oppose early termination once he finishes about half his term, which will be in August, 2025.

The statute governing early termination of supervised release, 18 U.S.C. § 3583(e), provides that the court may terminate a term of supervised release "and discharge the defendant released at any time after the expiration of one year of supervised release, ... if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." Eric has proven that he meets the criteria for early termination of supervised based on the factors enumerated in 18 U.S.C. § 3583(e). He has had no supervision-related issues of which I am aware and is no longer in need of supervision.

In sum, it is respectfully requested that, in the interests of justice, the Court grant the defendant's motion for early termination of her supervised release pursuant to 18 U.S.C. § 3583(e), and pursuant to Rule 32.1(b).

Very truly yours,

Alexei Schacht

cc:   United States Attorney's Office (by ECF)
      Eric Diaz (by hand)
      United States Probation Department (by regular mail)